**Clemente TEPEPA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–74799.

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2007 [*].

Filed March 15, 2007.

---

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Alison Dixon, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Justine J. Kaiser, Washington, DC, for Respondent.

Before: KOZINSKI, LEAVY, and BYBEE, Circuit Judges.

### MEMORANDUM **

Clemente Tepepa, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals summarily affirming an immigration judge's ("IJ") decision denying his application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review the agency's physical presence determination for substantial evidence, *Lopez–Alvarado v. Ashcroft*, 381 F.3d 847, 850–51 (9th Cir.2004), and deny the petition for review.

To demonstrate physical presence for the statutory period, Tepepa needed to prove his continuous presence beginning in 1990. *See* 8 U.S.C. § 1229b(d)(1) (ten years). Tepepa testified that he worked at an auto body shop for approximately one year shortly after his first entry to the United States in 1989, yet the documentation he submitted indicated that he worked there from 1993–1994. Similarly, Tepepa's presence witness testified that he began residing with Tepepa on Eighth Avenue in Redwood City around 1991 or 1992, yet the declaration of this same witness stated that he and Tepepa began residing together in 1989. Moreover, Tepepa's written application states that he began residing on Eighth Avenue in 1993. The IJ cogently explained her finding that Tepepa did not meet his burden of establishing the requisite presence based on these and other inconsistencies within the record. Substantial evidence therefore supports the IJ's decision. *See* 8 U.S.C. § 1229b(b)(1)(A); *Lopez–Alvarado*, 381 F.3d at 851–52 (requiring IJ to provide a "specific, cogent reason" for rejecting testimony and clarifying that "the issue is not whether the IJ made a proper credibility finding, but rather whether the IJ correctly found the testimony insufficient to establish the prerequisite continuous presence").

## PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.